# EXHIBIT A



# Notice of Service of Process

**LDD / ALL**
**Transmittal Number: 23713516**
**Date Processed: 09/01/2021**

| | |
|---|---|
| **Primary Contact:** | Danielle Hohos<br>Williams-Sonoma, Inc.<br>3250 Van Ness Ave<br>San Francisco, CA 94109-1012 |
| **Electronic copy provided to:** | Yasmeen Mahmood |

| | |
|---|---|
| **Entity:** | Williams-Sonoma, Inc.<br>Entity ID Number 2984932 |
| **Entity Served:** | Williams-Sonoma, Inc. |
| **Title of Action:** | Juliana Barrientos vs. Williams-Sonoma, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Cook County Circuit Court, IL |
| **Case/Reference No:** | 2021CH04285 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 08/30/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Keith J. Keogh<br>312-726-1092 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

Hearing Date: 11/18/2021 10:00 AM - 10:00 AM
Courtroom Number:
Location:

FILED
8/26/2021 10:28 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH04285

14587431

FILED DATE: 8/26/2021 10:28 AM   2021CH04285

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (12/01/20) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Juliana Barrientos

_____
                                    Plaintiff(s)

                        v.

Williams-Sonoma, Inc.         Case No.  2021CH04285

_____
                                    Defendant(s)

CSC, Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento CA 95833
                        Address of Defendant(s)

Please serve as follows (check one):  ○ Certified Mail   ○ Sheriff Service   ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE.** You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

Summons - Alias Summons                                       (12/01/20) CCG 0001 B

FILED DATE: 8/26/2021 10:28 AM   2021CH04285

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

⦿ Atty. No.: 39042

◯ Pro Se 99500

Name: Keith J. Keogh

Atty. for (if applicable):

Juliana Barrientos

Address: 55 W. Monroe St, Suite 3390

City: Chicago

State: IL    Zip: 60603

Telephone: 312-726-1092

Primary Email: Keith@KeoghLaw.com

Witness date   8/26/2021 10:28 AM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail:

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

Page 2 of 3

FILED DATE: 8/26/2021 10:28 AM   2021CH04285

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date.  Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
                    OR
                    ChildSupCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:   (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6441

### ALL SUBURBAN CASE TYPES
#### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:   (847) 470-7250

#### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:   (847) 818-3000

#### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:   (708) 865-6040

#### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:   (708) 974-6500

#### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:   (708) 232-4551

FILED DATE: 8/26/2021 9:41 AM 2021CH04285

Chancery Division Civil Cover Sheet
General Chancery Section

(12/01/20) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

Juliana Barrientos

Plaintiff

v.

Williams-Sonoma, Inc.

Defendant

Case No: _____

## CHANCERY DIVISION CIVIL COVER SHEET
## GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | |
|---|---|---|
| 0005 | ☐ | Administrative Review |
| 0001 | ☑ | Class Action |
| 0002 | ☐ | Declaratory Judgment |
| 0004 | ☐ | Injunction |
| 0007 | ☐ | General Chancery |
| 0010 | ☐ | Accounting |
| 0011 | ☐ | Arbitration |
| 0012 | ☐ | Certiorari |
| 0013 | ☐ | Dissolution of Corporation |
| 0014 | ☐ | Dissolution of Partnership |
| 0015 | ☐ | Equitable Lien |
| 0016 | ☐ | Interpleader |

| | | |
|---|---|---|
| 0017 | ☐ | Mandamus |
| 0018 | ☐ | Ne Exeat |
| 0019 | ☐ | Partition |
| 0020 | ☐ | Quiet Title |
| 0021 | ☐ | Quo Warranto |
| 0022 | ☐ | Redemption Rights |
| 0023 | ☐ | Reformation of a Contract |
| 0024 | ☐ | Rescission of a Contract |
| 0025 | ☐ | Specific Performance |
| 0026 | ☐ | Trust Construction |
| 0050 | ☐ | Internet Take Down Action (Compromising Images) |

☐ Other (specify) _____

⦿ Atty. No.: 39042      ◯ Pro Se 99500

Atty Name: Keith Keogh

Atty. for: Juliana Barrientos

Address: 55 W. Monroe St, Suite 3390

City: Chicago      State: IL

Zip: 60603

Telephone: 312-726-1092

Primary Email: Keith@KeoghLaw.com

Pro Se Only: ☐ I have read and agree to the terms of the Clerk's Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 1

**12-Person Jury**

Hearing Date: 12/27/2021 10:00 AM - 10:00 AM
Courtroom Number: 2302
Location: District 1 Court
    Cook County, IL

**Firm No. 39402**

FILED
8/26/2021 9:41 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH04285

14585180

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| JULIANA BARRIENTOS, | ) | |
| | ) | |
| Plaintiff, | ) | CASE No.: |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAMS-SONOMA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### CLASS ACTION COMPLAINT

Plaintiff, Juliana Barrientos ("Plaintiff"), on behalf of herself and other similarly situated

individuals, hereby sues Williams-Sonoma, Inc. ("Defendant" or "William-Sonoma"), and alleges

as follows based on personal knowledge as to herself and on information and belief as to all other

matters, and demands trial by jury:

### INTRODUCTION

1.  This action arises from Defendant's violations of the Fair and Accurate Credit

Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et*

*seq.* (the "FCRA"), which requires the truncation of certain credit card and debit card information

on printed receipts provided to consumers. Despite the clear language of the statute, Defendant

knowingly or recklessly failed to comply with FACTA by printing the first six and last four digits

of its customers' credit card or debit card account numbers on their transaction receipts. As such,

Plaintiff and other consumers who conducted business with Defendant during the timeframe

relevant to this Complaint, each of whom engaged in a transaction using a credit card or debit card,

suffered a number of harms including, but not limited to, violation of their substantive statutory

11776

FILED DATE: 8/26/2021 9:41 AM  2021CH04285

FILED DATE: 8/26/2021 9:41 AM 2021CH04285

rights under 15 U.S.C. § 1681c(g), breach of their confidence in the safe handling of their account information, invasion of their privacy as a result of the disclosure of their account information to those of Defendant's staff or agents who handled the receipts, exposure to an elevated risk of identity theft as determined by Congress, the burden of having to keep or destroy the receipt to prevent further disclosure of their account information, and monetary harm from paying for what was supposed to be a secure and legally compliant transaction. Accordingly, Plaintiff and the unnamed class members are entitled to an award of statutory damages and other relief as further detailed herein.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this action pursuant to 735 ILCS 5/2-209(a)(1) because Defendant conducts substantial business in Illinois, and because the tortious acts complained of occurred in substantial part within Illinois.

3.      Venue is proper because: Plaintiff resides, and at all times relevant herein resided, in Cook County, Illinois; the cause of action alleged by Plaintiff, on behalf of herself and the class, arose in substantial part from the Defendant's conduct in Cook County, Illinois; and Defendant conducts and conducted, at the time Plaintiff's causes of action arose and at all relevant times alleged herein, substantial business in Cook County, Illinois, including at the retail store located at 111 Old Orchard Center, Suite D111, Skokie, Illinois 60077.

## PARTIES

4.      Plaintiff, Juliana Barrientos, is a natural person who resides, and at all times relevant herein resided, in Cook County, Illinois.

5.      Defendant, Williams-Sonoma, Inc., is a Delaware corporation which owns or operates retail stores under the Williams-Sonoma name and also through its subsidiaries which

11776

FILED DATE: 8/26/2021 9:41 AM   2021CH04285

includes Pottery Barn, West Elm, Crate and Barrel, and Rejuvenation, throughout the United States, including the Pottery Barn location in Skokie, Illinois, that issued Plaintiff the receipt giving rise to Plaintiff's claim.

## FACTUAL ALLEGATIONS

### A.    BACKGROUND OF FACTA

6.       Identity theft is a serious issue affecting both consumers and businesses. As of 2018, a Harris Poll revealed that nearly sixty million Americans have been affected by identity theft. There were a record high 16.7 million victims of identity fraud in 2017 alone, and account takeovers (when a thief opens a credit card account or other financial account using a victim's name and other stolen information) tripled in 2017 from 2016, causing $5.1 billion in losses. And in 2019, Americans lost a total of $16.9 billion to identity fraud according to a study by Javelin Strategy & Research. In a more recent Harris Poll conducted in 2021, 88 percent of Americans surveyed indicated they are concerned about data privacy, and 1 in 5 indicated they had experienced identity theft.

7.       In 2019, 3.2 million people filed a report for identity theft or fraud. *Consumer Sentinel Network, Data Book 2019* at 6, FEDERAL TRADE COMMISSION, https://www.ftc.gov/system/files/documents/reports/consumer-sentinel-network-data-book-2019/consumer_sentinel_network_data_book_2019.pdf (January 2020).

8.       In Illinois alone, there were 23,139 identity theft reports in 2019. *Id.* at 35. Almost half of those reports were connected to credit card fraud. *Id.* In 2019, fraud losses, which consist for the most part of identity theft, amounted to $35.3 million in Illinois. *Id.*

9.       Upon signing FACTA into law, President George W. Bush remarked that "[s]lips of paper that most people throw away should not hold the key to their savings and financial

11776

FILED DATE: 8/26/2021 9:41 AM  2021CH04285

secrets." 39 Weekly Comp. Pres. Doc. 1746, 1757 (Dec. 4, 2003). President Bush added that the government, through FACTA, was "act[ing] to protect individual privacy." *Id.*

10.    One such FACTA provision was specifically designed to thwart identity thieves' ability to gain sensitive information regarding a consumer's credit or debit card account from a receipt provided to the consumer at the point of sale, which, through any number of ways, can fall into the hands of someone other than the consumer. FACTA accomplishes this goal by requiring merchants to mask or "truncate" the card expiration date and most of the consumer's credit or debit card account number on the transaction receipt provided to the consumer at the point of sale.

11.    The applicable provision states:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g) (the "Receipt Provision").

12.    As part of its enactment, FACTA gave merchants three years to comply with the Receipt Provision—mandating full compliance by no later than December 4, 2006.

13.    The Receipt Provision was widely publicized among retailers and the FTC. For example, on March 6, 2003, in response to earlier state legislation enacting similar truncation requirements, then-CEO of Visa USA, Carl Pascarella, explained:

> Today, I am proud to announce an additional measure to combat identity theft and protect consumers. Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's expiration date will be eliminated from receipts altogether . . . . The first phase of this new policy goes into effect July 1, 2003 for all new terminals . . . .

14.    Within twenty-four hours, MasterCard and American Express announced they were imposing similar requirements.

11776

FILED DATE: 8/26/2021 9:41 AM 2021CH04285

15.      Card issuing organizations proceeded to require compliance with FACTA by contract, in advance of FACTA's mandatory compliance date.

16.      Because a handful of large retailers did not comply with their contractual obligations to the card companies and FACTA's straightforward requirements, Congress passed The Credit and Debit Card Receipt Clarification Act of 2007, to temporarily change the definition of willful noncompliance with respect to violations involving the failure to mask card expiration dates on transaction receipts during a short period of time immediately after FACTA's effective date.

17.      Importantly, the Clarification Act reaffirmed Congress's belief that "proper truncation" of the account number on the receipt (i.e., masking all but the last five digits) protects cardholders from identity theft or credit card fraud.

18.      In the interim, card processing companies continued to alert their merchant clients, including Defendant, of FACTA's requirements. According to Visa, only the last four digits can be printed on transaction receipts, and the expiration date cannot be printed at all:

> Certain countries, such as the U.S., may also have legal restrictions on PAN [primary account number] and expiration date printing on cardholder transaction receipts and displays. For U.S.-based merchants, POS devices must only provide the last four digits of the PAN and must not provide the expiration date on cardholder transaction receipts.

Visa      Transaction      Acceptance      Device      Guide      (TADG),      at      21, https://usa.review.visa.com/dam/VCOM/regional/na/us/partner-with-us/documents/transaction-acceptance-device-guide-tadg.pdf (Nov. 1, 2016).

19.      Since 2003, the processing companies have required that merchants not show credit or debit card expiration dates or any more than the last five digits of account numbers. For example, American Express provides merchants with the following instructions and exemplar receipt:

11776

FILED DATE: 8/26/2021 9:41 AM 2021CH04285

Pursuant to Applicable Law, truncate the Card Number and do not print the Card's Expiration Date on the copies of Charge Records delivered to Cardmembers. Truncated Card Number digits must be masked with replacement characters such as "x," "*," or "#," and not blank spaces or numbers. Here is an example of a Charge Record with a truncated Card Number.



American Express Merchant Operating Guide, https://icm.aexp-static.com/content/dam/gms/en_us/optblue/us-mog.pdf at 22 (July 17, 2020).

20.     Similarly, MasterCard required in a section titled Primary Account Number (PAN) truncation and Expiration Date Omission:

A Transaction receipt generated by an electronic Terminal, whether attended or unattended, must not include the Card expiration date. In addition, a Transaction receipt generated for a Cardholder by an electronic Terminal, whether attended or unattended, must reflect only the last four digits of the primary account number (PAN). All preceding digits of the PAN must be replaced with fill characters, such as "X," "*," or "#," that are neither blank spaces nor numeric characters.

MasterCard Transaction Processing Rules, https://www.mastercard.us/content/dam/mccom/en-us/documents/TPR-manual-June2015.pdf, at 84 (June 9, 2015).

21.     So problematic is the crime of identity theft that the three main credit reporting agencies, Experian, Equifax, and Transunion, joined to set-up a free website

11776

FILED DATE: 8/26/2021 9:41 AM  2021CH04285

(http://www.annualcreditreport.com) to comply with FACTA requirements and to provide consumers with a means of monitoring their credit reports for possible identity theft.

22.     FACTA prohibits printing more than the last five digits of card account numbers or expiration dates on receipts to protect persons from identity theft and other harms.

**B.     DEFENDANT'S PRIOR KNOWLEDGE OF FACTA**

21.     Defendant had knowledge of FACTA's truncation requirement before it began failing to comply with the requirement *en masse*.

22.     Defendant accepts credit and debit card payments from its customers at all of its retail locations.

23.     Most of Defendant's business peers and competitors ensure their credit card and debit card receipt printing process remains in compliance with FACTA by consistently verifying their card machines and devices comply with the Receipt Provision. Defendant could have readily done the same.

24.     Indeed, on information and belief, it would have taken Defendant less than thirty seconds to run a test receipt to determine whether its point-of-sale systems were violating FACTA before using them.

25.     Defendant was not only clearly informed to refrain from printing more than the last five digits of debit and credit card account numbers on transaction receipts, but it was contractually prohibited from doing so. Defendant accepts credit and debit cards from all major issuers, such as Visa, MasterCard, American Express, and Discover. Each of these companies sets forth requirements that merchants (such as and including Defendant) must follow, including FACTA's redaction and truncation requirements found in the Receipt Provision. *See Hawkins v. Capital Fitness, Inc.*, 2015 IL App (1st) 133716, ¶14 (2015) (party signing a contract charged with

knowledge of its contents and bound by it).

26.     In addition to the numerous ways Defendant was informed of the sensitive nature of credit and debit card information, and the restrictions on printing anything more than the last five digits of the card number on transaction receipts, Defendant was again informed about these dangers and restrictions when it was sued for violating the Song-Beverly Credit Card Act of 1971. *See Pineda v. Williams-Sonoma Stores, Inc.*, 2011 WL 446921 (Cal. Feb. 11, 2011). Like FACTA, the Song-Beverly Credit Card Act prohibits, among other things, businesses from printing transaction receipts showing credit and debit card expiration dates or any more than the last five digits of the account number. *See* Cal. Civ. Code § 1747.09. While Defendant was sued for violating a different provision of the Song-Beverly Credit Card Act, it no doubt became acutely aware of the act and the conduct prohibited by it, which includes the precise conduct it engaged in this case.

27.     Further, Defendant has publicly acknowledged both the risks of, and the liability posed by credit card fraud and identity theft in its 2021 Annual Report with the Securities and Exchange Commission. *See Williams-Sonoma, Inc., 20201 Annual Report*, available at https://d18rn0p25nwr6d.cloudfront.net/CIK-0000719955/69505a3a-0ee4-4f89-bdf5-43714d267067.pdf (Last accessed Aug. 19, 2021) (noting "We may be exposed to cybersecurity risks and costs associated with credit card fraud, identity theft and business interruption that could cause us to incur unexpected expenses and loss of revenue.").

### C. PLAINTIFF'S FACTUAL ALLEGATIONS

28.     On or about August 10, 2021, Plaintiff used her personal debit card to make a purchase at one of Defendant's retail stores located at 111 Old Orchard Center, Suite D111, Skokie, Illinois 60077.

FILED DATE: 8/26/2021 9:41 AM   2021CH04285

11776

FILED DATE: 8/26/2021 9:41 AM 2021CH04285

29.     At the time Plaintiff used her debit card, Defendant provided Plaintiff with an electronically printed receipt that bore the first six and last four digits of Plaintiff's debit card account number.

30.     As a direct result of Defendant printing the above account information on this receipt, Plaintiff was required to take steps to safeguard the receipt.

31.     The disclosure of the first six and last four digits of the card account number was a breach of confidence and exposed Plaintiff to a heightened risk of identity theft.

32.     The printing of the receipt invaded Plaintiff's privacy as it disclosed her private card account information to the employees who handed her the receipt on Defendant's behalf and additionally were likely exposed, on information and belief, to other patrons, Defendant's employees, and/or possible identity thieves.

33.     The printing of the receipt breached Plaintiff's confidence in Defendant to properly handle her account information and also constitutes a breach of an implied bailment.

34.     As a direct result of receiving the receipt containing the first six and last four digits of her card account number, Plaintiff took actions to safeguard the receipt.

**D.     DEFENDANT'S MISDEEDS**

35.     At all times relevant herein, Defendant was acting by and through its subsidiaries, agents, servants, and/or employees, each of whom acted within the course and scope of its agency or employment, under the direct supervision and control of Defendant.

36.     Upon information and belief, Defendant dictates the point-of-sale and payment system technology that it uses at every one of its subsidiaries, including the Pottery Barn retail location that issued Plaintiff's receipt.

37.     As one judge recently stated in another FACTA case, "willfulness," can be

FILED DATE: 8/26/2021 9:41 AM  2021CH04285

discerned "from the continued use of a system whose characteristics would be known to any merchant who knows what is being spat out by its machinery." *Tran v. Kohl's Corp.*, No. BC661136 (L.A. Super. Ct. Feb. 9, 2018).

38.     Upon information and belief, Defendant implements, oversees, and maintains control over the same uniform debit and credit card payment processing policies, practices, and procedures for the transactions at issue in this case—including, without limitation, negotiating, entering into, and acting pursuant to various contracts and agreements with the electronic payment processing company whose technology Defendant uses to process credit and debit card transactions.

39.     Upon information and belief, the point-of-sale systems used by Defendant has the capacity to maintain records of all payment transactions and has the ability to print duplicate copies of all receipts provided to customers.

40.     At all times relevant herein, the conduct of the Defendant, as well as that of its subsidiaries, agents, servants, and/or employees, was in knowing or reckless disregard for federal law and the rights of the Plaintiff and other members of the class.

41.     Notwithstanding the fact that it has knowledge of the requirements of FACTA and the dangers imposed upon consumers through its failure to comply, Defendant issued thousands of transaction receipts containing the first six and last four digits of credit and/or debit card account numbers, violating FACTA.

42.     By shirking the requirements of this important federal statute on such a large scale, in an environment already ripe for identity theft and other harms, Defendant uniformly invaded Plaintiff's and the other putative class members' privacy, breached their confidence, mishandled their personal account information, and exposed them to an elevated risk of identity theft.

11776

FILED DATE: 8/26/2021 9:41 AM 2021CH04285

Defendant's conduct alleged herein resulted in the disclosure of Plaintiff's and the class members' private financial information, including to persons who might find the receipts in the trash or elsewhere, such as identity thieves and Defendant's employees who handled the receipts.

43.    Simply put, by printing numerous transaction receipts in violation of this long-standing and well-known federal statute, Defendant has caused—to paraphrase the words of the Honorable Judge Richard A. Posner (Ret.)—"an unjustifiably high risk of harm that [wa]s either known or so obvious that it should [have been] known" to Defendant. *Redman v. RadioShack Corp.*, 768 F.3d 622, 627 (7th Cir. 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)).

44.    In view of the substantial harm and other risks to Plaintiff and the class caused by Defendant's willfully[1] unlawful conduct, and the likelihood that such harms and risks will continue absent judicial relief, the Court should enjoin Defendant from continuing to print receipts at its and its subsidiaries' retail locations in violation of FACTA.

## CLASS REPRESENTATION ALLEGATIONS

45.    This action is brought as a Class Action under 735 ICLS Section 5/2-801. Plaintiff proposes the following class, defined as follows, subject to modification by the Court as required:

> All natural persons domiciled in the United States or its territories who, from within two years preceding the filing of this Complaint ("Class Period") to the certification of the class, engaged in one or more transactions using a debit card or credit card at a retail location owned by Williams-Sonoma, Inc., at a time when the point-of-sale system used to process the transaction was programmed to print more than the last five digits or the expiration date of debit and credit cards used in the transaction on the customer's receipt.

46.    Plaintiff falls within the class definition and is a member of the class. Excluded from the class is Defendant and any entities in which Defendant has a controlling interest,

---

[1] *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007) (defendant is liable for willfully violating the FCRA where violation was committed with "reckless disregard" for the law).

11776

FILED DATE: 8/26/2021 9:41 AM   2021CH04285

Defendant's agents and employees, Plaintiff's attorneys and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress.

47.     The members of the class are capable of being described without any significant managerial or administrative problem. And they are readily ascertainable from the information and records in the possession, custody, or control of Defendant.

48.     The class members are so numerous that joinder of all of them is impracticable. Plaintiff believes that there are thousands of persons in the class. The exact number and identity of class members is unknown to Plaintiff at this time and can be ascertained from information and records in the possession, custody, or control of Defendant and/or its agents and/or the banks that issued the credit/debit cards.

49.     While all class members have experienced actual harm as previously explained herein, this suit seeks only statutory damages on behalf of the class due to the difficulty of quantifying the harm cause. Plaintiff reserves the right to expand the class definition to seek recovery on behalf of additional persons as warranted, as facts additional facts are learned.

50.     The class is defined so that each class member will have identical claims or defenses. As such, common questions of fact and law exist as to all members of the class, which predominate over any questions affecting only individual members of the class, including Plaintiff. *See* 735 ILCS 5/2-801(2). Such questions common to the class include, but are not limited to:

  a.  whether, during the Class Period, the payment-processing system used by Defendant at its stores was programmed to generate customer transaction receipts that displayed more than the last five digits of the customer's credit or debit card number used in the transaction, violating FACTA;

11776

FILED DATE: 8/26/2021 9:41 AM 2021CH04285

    b.  whether Defendant's FACTA violation was knowing or reckless; and

    c.  the appropriate amount of statutory damages to award for the identical willful FACTA violations Defendant committed.

51.    Plaintiff and her counsel will fairly and adequately protect the interests of the class, as required by 735 ILCS 5/2-801(3). Plaintiff has no interests that conflict with the interests of the class and seeks the same relief as the class. Plaintiff is interested in pursuing her claims vigorously and has retained counsel, competent and experienced in class and complex litigation, including FACTA and other data privacy matters.

52.    Considering the numerosity of the class members, the commonality of issues of law and fact among class members, and Plaintiff and her counsels' willingness and ability to fairly and adequately protect the interests of the class, a class action is an appropriate method for the fair and efficient adjudication of the controversy, as required by 735 ILCS 5/2-801(4). Moreover, class-wide damages are essential to induce Defendant to comply with the law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small. The maximum statutory damages in an individual action for a violation of this statute are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

53.    Plaintiff and the members of the class have all suffered harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the class, along with countless future patrons of Defendant's establishments, will continue to face the potential for irreparable harm. In addition, these violations of law would be allowed to proceed without remedy and

Defendant will continue such illegal conduct. Because of the size of the individual class members' claims, few class members could afford to seek legal redress for the wrongs complained of herein.

## COUNT I – VIOLATIONS OF 15 U.S.C. § 1691(c)(g)

54.     Plaintiff incorporates the foregoing allegations as if fully alleged herein.

55.     15 U.S.C. §1681c(g) states as follows:

Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

56.     This section applies to any "device that electronically prints receipts" (hereafter "Devices") at the transaction location. 15 U.S.C. §1681c(g)(3).

57.     Defendant uses Devices for point-of-sale transactions at its retail locations.

58.     On or before the date on which this complaint was filed, Defendant provided Plaintiff and members of the class with receipt(s) that failed to comply with the Receipt Provision.

59.     At all times material hereto, Defendant was aware, or should have been aware, of both the Receipt Provision as well as its obligation to comply with said provision.

60.     Despite the three-year period to comply with FACTA and its accompanying provisions, the subsequent years since FACTA became effective, and Defendant's knowledge of the Receipt Provision and FACTA as a whole, Defendant knowingly, or recklessly violated the Receipt Provision.

61.     By printing the first six and last four digits of Plaintiff's debit card account number on her transaction receipt, Defendant caused Plaintiff to suffer numerous harms as described above. This includes, but is not limited to: breach of confidence; heightened risk of identity theft, especially as the receipts display the full name of the card holder; exposure of Plaintiff's private

FILED DATE: 8/26/2021 9:41 AM   2021CH04285

11776

information to those of Defendant's employees who handled the receipts; and being forced to take action to prevent further disclosure of information displayed on the receipts.

62.     As a result of Defendant's willful violations of the FCRA, Defendant is liable to Plaintiff and members of the class pursuant to 15 U.S.C. § 1681n for statutory damages, punitive damages, attorney's fees, and costs.

*     *     *

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in favor of herself and the class against Defendant, as follows:

    a.  granting certification of the class;

    b.  awarding statutory damages;

    c.  awarding punitive damages;

    d.  awarding attorneys' fees, litigation expenses, and costs of suit; and

    e.  awarding such other and further relief as the Court deems proper under the circumstances.

Dated: August 26, 2021           Respectfully submitted,

                        JULIANA BARRIENTOS,
individually and on behalf of all others similarly situated,

By: _s/ Keith J. Keogh_
     Keith J. Keogh
     One of Plaintiff's Attorneys
     Keith J. Keogh
     KEOGH LAW, LTD. (FIRM NO 39042)
     55 W. Monroe St., Ste. 3390
     Chicago, Il 60603
     Tel: 312-726-1092
     Fax: 312-726-1093
     Keith@KeoghLaw.com

FILED DATE: 8/26/2021 9:41 AM   2021CH04285

11776

FILED DATE: 8/26/2021 9:41 AM 2021CH04285

Scott D. Owens*
SCOTT D. OWENS, P.A.
2750 N. 29th Ave., Suite 209A
Hollywood, FL 33020
Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

Evan M. Rosen*
LAW OFFICE OF EVAN M. ROSEN, P.A.
2719 Hollywood Blvd., Suite B-224
Hollywood, FL 33020
Tel: 754-400-5150
Fax: 754-400-5260
erosen@evanmrosen.com

*Counsel for Plaintiffs*

* *pro hac vice* application forthcoming

## JURY DEMAND

Plaintiff Demands a trial by jury.

By: _s/ Keith J. Keogh_
Keith J. Keogh
One of Plaintiff's Attorneys
Keith J. Keogh
KEOGH LAW, LTD. (FIRM NO 39042)

11776